```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
LESLIE AND GERALD YOUNG,    )
                            )
     Plaintiffs,            )    Case No.  5:11-cv-00396-JMH
                            )
v.                          )
                            )
                            )
KENTUCKY DEPARTMENT         )    MEMORANDUM OPINION AND ORDER
OF CORRECTIONS et al.,      )
                            )
     Defendants.            )
```

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Defendants' motion to alter, vacate, or amend the Court's Order dated May 19, 2015, granting Plaintiffs' Motion for Attorney's Fees.  Defendants' motion has been fully briefed and the Court has considered the matter.  Based on the following, the motion will be denied.

The Defendants base their motion to reconsider on two arguments.  First, Defendants argue that, based on the limitations of the Prison Litigation Reform Act, Plaintiffs' attorney's fees are capped at $6,465.  Additionally, Defendants contend that the Court was required to hold a hearing prior to issuing an Order on attorney's fees, based on the Court's statements during a pretrial conference with the parties.  The Court will address each of these arguments in turn.

The Prison Litigation Reform Act (PLRA) contains certain limitations on the award of attorney's fees under § 1988 in "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(d). Assuming that Gerald Young is a prisoner as defined by the Act, the cases cited by Defendants do not demonstrate that that the PLRA's attorney's fees limitations apply when the action is brought jointly by a prisoner and a non-prisoner—namely, the other plaintiff in this matter, Leslie Young. Rather, the available case law indicates that when a non-prisoner is a co-plaintiff from the outset of litigation, the PLRA does not apply. *See Turner v. Wilkinson*, 92 F. Supp. 2d 697, 704 (S.D. Ohio 1999), *Hunter v. Cnty. Of Sacramento*, No. 2:06-cv-457, 2013 WL 5597134, *10 (E.D. Cal. Oct. 11, 2013); *but see Montcalm Publ'g. Corp. v. Virginia*, 199 F.3d 168, 172 (4th Cir. 1999) (PLRA did limit attorney's fees when a non-prisoner intervened in a suit that two prisoners had initiated). As in *Turner*, this cannot be characterized as a suit "brought by a prisoner" within the meaning of 42 U.S.C. § 1997e. Additionally, the Court notes that there would be no discernable way to separate the attorney's fees expended on behalf of the two plaintiffs, as all of the work done was performed to obtain a single remedy benefiting both Plaintiffs equally. *See Turner*, 92 F. Supp. 2d at 704. Accordingly, the PLRA does not apply.

Defendants also argue that the Court's award of attorney's fees to Plaintiffs is unfair in light of the absence of a hearing, which was discussed in a status conference on February 5, 2015. Although Defendants contend that they "repeated and strenuously objected to the award of fees and costs to the Plaintiffs," no specifics were discussed during the conference of February 5. Rather, the parties voiced their inability to come to an agreement on the issue of attorney's fees in general terms.  When the Defendants failed to file the required response to Plaintiffs' well-supported motion for attorney's fees,[1] the Court assumed that any disagreement regarding attorney's fees had been resolved and that a hearing was no longer needed.

Further, if Defendants had wished to have a hearing on the matter of attorney's fees, they would have been well advised to make a motion for a hearing, as opposed to doing nothing in response to Plaintiffs' motion for attorney's fees. Additionally, based on defense counsel's previous conduct throughout this matter (e.g., conduct warranting the imposition of sanctions) the Court can only see this argument as disingenuous.

Accordingly, **IT IS ORDERED** that Defendants' Motion, [DE 177] is hereby **DENIED.**

---

[1] Joint Local Rule of Civil Procedure 7.1(c) provides that "[a] party opposing a motion **must** file a response memorandum within twenty-one (21) days of service of the motion.  Failure to respond to a motion may be grounds for granting the motion."

3

This the 11th day of August, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge